Filed 12/8/20  P. v. Stevens CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIKKEL STRONGBEAR STEVENS,<br><br>    Defendant and Appellant. | C090950<br><br>(Super. Ct. No. 19CF06315) |

Appointed counsel for defendant Mikkel Strongbear Stevens filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was arrested after he was found driving a stolen car following a lengthy high-speed police pursuit. Defendant was charged with felony reckless evading (Veh. Code, § 2800.2, subd. (a)—count 1), receiving stolen property (Pen. Code, § 496d, subd. (a)—count 2), and unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)—count 3). Pursuant to a plea agreement, defendant pleaded no contest to felony reckless evading count 1. In exchange for defendant's no contest plea, the remaining counts were dismissed.

The trial court sentenced defendant to the upper term of three years in state prison on count 1. The court ordered defendant to pay a conviction assessment of $30 (Gov. Code, § 70373), a court operations assessment of $40 (Pen. Code, § 1465.8), a $4 "EMAT" fee (Gov. Code, § 76000.10), and a restitution fine of $300 (Pen. Code, § 1202.4, subd. (b)), with an additional $300 parole revocation fine, which was stayed pending successful completion of parole (Pen. Code, § 1202.45). The court awarded custody credit in the amount of 100 days (50 actual and 50 conduct), and restitution was reserved regarding the victim.

Defendant filed a timely notice of appeal but did not obtain a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable

2

error that would result in a disposition more favorable to defendant.  Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.


_____/s/_____
BLEASE, Acting P. J.


We concur:


_____/s/_____
HULL, J.


_____/s/_____
RENNER, J.